This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39842**

**EUGENE W. TRUJILLO,**

Worker-Appellant,

v.

**LUNA COMMUNITY COLLEGE and NEW MEXICO PUBLIC SCHOOL INSURANCE AUTHORITY,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Rachel A. Bayless, Workers' Compensation Judge**

Gerald A. Hanrahan
Albuquerque, NM

for Appellant

Hoffman Kelley Lopez LLP
Jeffrey L. Federspiel
Albuquerque, NM

for Appellees

Michael J. Holt, General Counsel
Sandra Gardner, Assistant General Counsel
Albuquerque, NM

for Amicus Curiae Workers' Compensation Administration

### DISPOSITIONAL ORDER

**ATTREP, Judge.**

**{1}** This matter is before this Court on remand from certification to the New Mexico Supreme Court. Worker Eugene W. Trujillo appeals a Workers' Compensation Administration (WCA) order awarding him the maximum amount of attorney fees allowed under the fee cap (the Cap) in NMSA 1978, Section 52-1-54(I) (2013, amended 2025)[1] for the work his attorney performed before the WCA. Worker argues on appeal that the Cap violates the separation-of-powers doctrine embodied in Article III, Section 1 of the New Mexico Constitution on the ground that it infringes on the Judiciary's "absolute power and exclusive authority to regulate the practice of law." We affirm.

**{2}** Because Worker's argument required the resolution of questions involving our Supreme Court's inherent and constitutional authority to regulate the practice of law, *see, e.g.*, *State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.*, 1973-NMSC-087, ¶ 26, 85 N.M. 521, 514 P.2d 40 ("[T]he regulation of the practice of law is the exclusive constitutional prerogative of th[e Supreme Court]."), we certified this matter (and another raising the same issue) to the Supreme Court. *See* Order of Certification to the New Mexico Supreme Court, *Pena v. State*, A-1-CA-39744, *Trujillo v. Luna Cmty. Coll.*, A-1-CA-39842 (N.M. Ct. App. Sept. 6, 2023). On July 3, 2025, the Supreme Court issued its decision in *Pena v. State*, 2025-NMSC-041, ___P.3d___. As relevant here, *Pena* held (1) the Supreme "Court's inherent authority is not infringed by legislative regulation of pleading, practice, and procedure that occurs outside of the Judiciary's courts," *id.* ¶ 38 (emphasis omitted); and (2) "quasi-judicial proceedings such as those within the WCA exist outside the judicial branch," *id.* ¶ 35. The Supreme Court thus concluded that, although the "regulation of attorney fees generally falls within the purview of th[e] Court's inherent powers and power of superintending control, . . . regulation of attorney fees specifically within the workers' compensation context does not." *Id.* ¶ 42. Given this, Worker's contention that the Cap as applied in his case is unconstitutional is foreclosed by *Pena*.[2]

**{3}** Worker separately contends on appeal that an attorney "fee in the range of $73,000 to $90,000 [for his attorney's work done before the WCA] is reasonable, proper and well-earned; and should be awarded by this Court." As noted, however, our Supreme Court held that the Cap—in this case, $22,500—was constitutional for work done before the WCA. *See id.* ¶¶ 33-42. Further, the Court rejected the idea that judicial review of attorney fees in a quasi-judicial setting, such as the WCA, included the ability to award a fee beyond the Cap. *See id.* ¶¶ 44-51. In light of these conclusions, Worker's contention that his attorney should be awarded attorney fees in excess of the Cap is not well taken.

---

[1] All citations in this opinion to Section 52-1-54 are to the 2013 version of that statute because it was the version in effect at the time Worker was awarded his attorney fees.

[2] The Supreme Court additionally held that Section 52-1-54(I) is unconstitutional inasmuch as it attempts to impose a cap on the recovery of attorney fees for work performed on appeal to New Mexico courts. *See Pena*, 2025-NMSC-041, ¶¶ 52-59. The issue of whether Worker is entitled to any such attorney fees, however, is not currently before us.

**{4}** We accordingly affirm the WCA order limiting Worker's recovery of attorney fees to $22,500 for the work his counsel performed before the WCA.

**{5}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**